WILSON, J. (concurring).
I agree with Justice Dillon that health care benefits are "compensation." I write separately because this appeal fails for a simple reason or, if not, should not be here at all.
Plaintiffs sought a declaration that Civil Service Law § 167(8) is unconstitutional. Their complaint does not seek a declaration that the regulations subsequently promulgated thereunder are unconstitutional. In moving for summary judgment, plaintiffs reiterated their request for a declaration that the statute was unconstitutional; they did not assert that the regulations were. However, the statute says only this: "The president, with the approval of the director of the budget, may extend the modified state cost of premium or subscription charges for employees or retirees not subject to an agreement referenced above and shall promulgate the necessary rules or regulations to implement this provision" ( Civil Service Law § 167[8] ). It does not require any change or reduction, or any action at all. Civil Service Law § 167(8) itself is decidedly constitutional.
The fact that the plaintiffs here are Supreme Court Justices should not entitle them to any laxer pleading standard than we afford other litigants. They did not seek a declaration that the regulations were unconstitutional, did not amend their complaint, and did not move to conform the pleadings to the proof. I would reverse on the ground that the statute itself does not affect compensation however compensation is defined, and strike the balance of Supreme Court's order because plaintiffs did not seek any declaration as to the regulations.
If, for some reason, my simple analysis above is wrong, then we lack jurisdiction to hear the appeal. The alleged diminution *836 **37 in compensation arises not from the statute, but from the subsequent regulations, at 4 NYCRR 73.3(b) and 73.12. Jurisdiction was asserted under CPLR 5601(b)(2), which permits a direct appeal to the Court of Appeals from Supreme Court "where the only question involved on the appeal is the validity of a statutory provision of the state or of the United States."
In similar circumstances, we have disallowed a direct appeal when plaintiffs sought to challenge the constitutionality of regulations ( ***460 Rent Stabilization Assn. of N.Y. City v. Higgins, 83 N.Y.2d 156, 168, 608 N.Y.S.2d 930, 630 N.E.2d 626 [1993] ["appellants sought a direct appeal to this Court, which we transferred to the Appellate Division on the ground that questions other than the constitutional validity of a statute were involved"] ).
It is unclear why we have permitted a direct appeal from Supreme Court here, and passed on the constitutionality of the regulations. Whatever the reason, our decision today creates an amorphous jurisdictional portal, which may open for others in the future.
Judges RIVERA, FAHEY, GARCIA, PERADOTTO* and MULVEY * concur; Judge DILLON* concurs in result in an opinion, in which Judge WILSON concurs in a separate opinion; Chief Judge DiFIORE and Judges STEIN and FEINMAN taking no part.
Judgment reversed, without costs, plaintiffs' motion for summary judgment denied, and judgment granted in favor of defendant declaring Civil Service Law § 167(8) does not violate the Compensation Clause of the New York State Constitution (N.Y. Const., art. VI, § 25[a] ).

Designated pursuant to N.Y. Constitution, article VI, § 2.